IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ISHMAEL ALI BURK, | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-3121 |
| | : | |
| THOMAS LEONHAUSER, *et al.*, | : | |
| *Defendants.* | : | |

**MEMORANDUM**

**PAPPERT, J.**                                                                                                    **JULY 29, 2019**

Plaintiff Ishmael Ali Burk, a prisoner incarcerated at SCI Smithfield, brings this civil action pursuant to 42 U.S.C. § 1983 against three officers of the Middle Township Police Department—Thomas Leonhauser, "Andrews," and David W. Denton. Burk seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Burk leave to proceed *in forma pauperis* and dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) with leave to amend.

I

Burk alleges that on June 27, 2017, the Defendants stopped him for speeding. Burk alleges that he "ran from the cops in [his] car," jumped out of the car, and ran into the woods. (Compl. at 5.)[1] Burk indicates that the officers apprehended him, handcuffed him, and zip-tied him to a tree. He alleges that the officers tased him, beat him after handcuffing him, and used racial slurs while doing so. Burk sustained a back injury, a concussion, bruised ribs, and injuries to his wrist. He also alleges that Officer

---

[1] The Court adopts the pagination assigned to the Complaint by the CM-ECF docketing system.

1

Denton planted drugs on him, and that Denton "lied and said that [he] had heroin on [him] but no drugs were ever found." (*Id.* at 11.) Burk seeks monetary damages to compensate him for his injuries and for "false information and planting false evidence." (*Id.* at 7.)

Public dockets reflect that on June 26, 2017, Burk was charged with several counts of aggravated and simple assault, resisting arrest, assorted driving offenses, and related offenses stemming from this incident. *See Commonwealth v. Burk*, Docket No. MJ-07108-CR-000200-2017. The docket does not reflect any drug-related charges. Burk pled guilty to certain of the charges and other charges were nolle prossed. *See Commonwealth v. Burk*, Docket No. CP-09-CR-0004724-2017.

II

The Court grants Burk leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). The Court may also consider matters of public record. *Buck v. Hampton Twp. Sch.*

---

[2] However, as Burk is a prisoner subject to the Prison Litigation Reform Act, he will be obligated to pay the filing fee in installments pursuant to 28 U.S.C. § 1915(b).

2

*Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006); *cf. Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013), *abrogated on other grounds by*, *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015). As Burk is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

III

Burks excessive force claims are time-barred. Pennsylvania's two-year limitations period applies to Burk's § 1983 claims. *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007). The limitations period began to run from the time Burk "knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). Pursuant to the prison mailbox rule, a prisoner's complaint is considered filed at the time he hands it over to prison authorities for forwarding to the Court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

Burk alleges that the Defendants subjected him to excessive force during an incident that occurred on June 27, 2017. Burk knew or should have known of the basis for his excessive force claims on that date, because that is the date that the events occurred and when he sustained injuries at the hands of the officers. *See Whitenight v. Commonwealth of Pennsylvania State Police*, 674 F. App'x 142, 144 (3d Cir. 2017) (per curiam) ("As Whitenight was aware of his injuries when he was being arrested, which was over two years before he filed this lawsuit, the District Court correctly concluded that his claims were untimely."); *Brown v. Buck*, 614 F. App'x 590, 592 (3d Cir. 2015)

3

(per curiam) ("Brown alleged that the officers used excessive force against him when they shot him on March 22, 2011, and his claim accrued then."). However, Burk did not deliver his Complaint to prison authorities for mailing until July 9, 2019, which is more than two years after his claims accrued. (*See* Compl. at 10.) Accordingly, Burk's excessive force claims are time-barred.[3]

Burk also appears to be bringing claims based on allegations that Officer Denton planted drugs on him, and that Denton "lied and said that [he] had heroin on [him] but no drugs were ever found." (Compl. at 11.) Burk's allegations are undeveloped, as it is not clear whether he is claiming that Denton planted drugs on him or whether he is claiming that Denton claimed Burk had drugs on him but none were found, or both. It is also not clear whether Burk was ever arrested for or charged with drug possession, which makes it difficult to evaluate whether Burk has stated a claim under the Fourth or Fourteenth Amendments. *See generally Black v. Montgomery Cty.*, 835 F.3d 358, 371 (3d Cir. 2016) ("[A]n acquitted criminal defendant may have a stand-alone fabricated evidence claim against state actors under the due process clause of the Fourteenth Amendment if there is a reasonable likelihood that, absent that fabricated evidence, the defendant would not have been criminally charged."); *Halsey v. Pfeiffer*, 750 F.3d 273, 291 (3d Cir. 2014) (explaining distinctions between Fourth and Fourteenth Amendment claims). Accordingly, Burk will be permitted to file an amended complaint, so he can provide more information about the circumstances giving rise to this claim.

---

[3] There is no apparent basis for tolling here. Notably, Burk filed a lawsuit in October of 2018, which suggests he could have timely filed his excessive force claims. *See Burk v. Budd*, Civ. A. No. 18-4702 (E.D. Pa.).

IV

For the foregoing reasons, the Court will dismiss the Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court will dismiss Burk's excessive force claims with prejudice because it is clear from the face of the Complaint that they are time-barred, but Burk will be permitted to file an amended complaint as to his claims against Officer Denton based on false or fabricated evidence. An appropriate Order follows.

**BY THE COURT:**

*/s/ Gerald J. Pappert*
**GERALD J. PAPPERT, J.**