IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ISHMAEL ALI BURK, | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-3121 |
| | : | |
| THOMAS LEONHAUSER, *et al.*, | : | |
| *Defendants.* | : | |

## ORDER

AND NOW, this 29th day of July, 2019, upon consideration of Plaintiff Ishmael Ali Burk's Motion to Proceed *In Forma Pauperis* (ECF No. 1), his Prisoner Trust Fund Account Statement (ECF No. 3), and his *pro se* Complaint (ECF No. 2), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. Ishmael Ali Burk, #NH-0208, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Superintendent of SCI Smithfield or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Burk's inmate account; or (b) the average monthly balance in Burk's inmate account for the six-month period immediately preceding the filing of this case. The Superintendent or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Burk's inmate trust fund account exceeds $10.00, the Superintendent or other appropriate official shall forward

payments to the Clerk of Court equaling 20% of the preceding month's income credited to Burk's inmate account until the fees are paid. Each payment shall reference the docket number for this case.

3. The Clerk of Court is directed to **SEND** a copy of this Order to the Superintendent of

SCI Smithfield.

4. The Complaint is **DEEMED** filed.

5. Burk's Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for the

reasons in the Court's Memorandum as follows:

   a. Burk's excessive force claims are **DISMISSED with prejudice**.

   b. Burk's claims against David W. Denton based on false or fabricated evidence are **DISMISSED without prejudice** to filing an amended complaint in accordance with paragraph six (6) of this Order.

6. Burk is given thirty (30) days to file an amended complaint against Denton in the

event he can state a claim based on false or fabricated evidence. Any amended complaint
shall identify Denton in the caption of the amended complaint and shall clearly state the basis for Burk's claims based on false or fabricated evidence, including any harm caused by Denton's actions. Burk should indicate whether he was subjected to any charges based on the false or fabricated evidence and indicate when the evidence was planted on him. If he was charged, Burk should also indicate whether the charges

resolved in his favor. When drafting his amended complaint, Burk should be mindful of the Court's reasons for dismissing his claims as explained in the Court's Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

7. The Clerk of Court shall send Burk a blank copy of the Court's form complaint to be used by a prisoner filing a civil rights action bearing the above civil action number. Burk may use this form to file his amended complaint if he chooses to do so.

8. If Burk fails to comply with this Order, his case may be dismissed for failure to prosecute without further notice.

**BY THE COURT:**

*/s/ Gerald J. Pappert*
**GERALD J. PAPPERT, J.**