# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ISHMAEL ALI BURK, | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-3121 |
| | : | |
| THOMAS LEONHAUSER, *et al.*, | : | |
| *Defendants.* | : | |

## MEMORANDUM

**PAPPERT, J.**                                                                             **AUGUST 19, 2019**

Plaintiff Ishmael Ali Burk has filed an Amended Complaint against Officer David W. Denton which the Court dismisses for the reasons that follow.

I

Burk filed his initial Complaint pursuant to 42 U.S.C. § 1983 against Denton and two other police officers. He alleged that on June 27, 2017, the Defendants assaulted him after a chase. He also alleged that Officer Denton planted drugs on him, and that Denton "lied and said that [he] had heroin on [him] but no drugs were ever found." (Compl. at 11.)[1] Burk sought monetary damages to compensate him for his injuries and for "false information and planting false evidence." (*Id.* at 7.)

Public dockets reflect that on June 26, 2017, Burk was charged with several counts of aggravated and simple assault, resisting arrest, assorted driving offenses, and related offenses stemming from this incident. *See Commonwealth v. Burk*, Docket No. MJ-07108-CR-000200-2017. The docket does not reflect any drug-related charges.

---

[1] The Court adopts the pagination assigned to Burk's pleadings by the CM-ECF docketing system.

1

Burk pled guilty to certain of the charges and other charges were *nolle prossed*, apparently in connection with the plea. *See Commonwealth v. Burk*, Docket No. CP-09-CR-0004724-2017.

In a Memorandum and Order entered on the docket July 30, 2019, the Court granted Burk leave to proceed *in forma pauperis* and dismissed his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court first concluded that Burk's excessive force claims related to the events of June 27, 2019 were time-barred because Burk filed this lawsuit more than two years after his claims accrued. As to Burk's remaining claims against Denton, the Court stated that Burk failed to sufficiently develop his allegations to state a Fourth or Fourteenth Amendment claim for malicious prosecution or fabricated evidence. Burk was given leave to amend those claims.

Burk filed his Amended Complaint against Denton claiming that Denton planted heroin in his rectum. Burk alleges that although he was never charged with drug possession, Denton's false allegation "had a huge impact on the way [he] was sentence[d]" because the false allegation was included in the Commonwealth's sentencing memorandum. (Am. Compl., ECF No. 7 at 13.) Public records reflect that following the events above, Burk pled guilty to various fraud offenses in the Bucks County Court of Common Pleas. *See Commonwealth v. Burk*, Docket No. CP-09-CR-0008580-2017 (Bucks Cty. Ct. of Common Pleas). The dockets reflect that Burk's sentences in that case and his criminal case arising from the police chase were set to run consecutively to each other. Burk filed an appeal, which is currently pending.

II

As Burk is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). The Court may also consider matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). As Burk is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

III

Burk is alleging that his constitutional rights were violated because Denton planted evidence on him and alleged falsehoods that adversely affected his sentence. Even assuming the existence of a fabricated evidence claim where a defendant is not charged with a crime based on the false evidence but his sentence is enhanced, Burk's claim fails. "[T]o recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v.*

*Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)— if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)).

Burk alleges that the fabricated evidence and/or falsehoods enhanced the length of his sentence. However, his sentence has not been overturned or found invalid. Accordingly, success on Burk's claims would necessarily imply the invalidity of his current sentence and imprisonment. The Court will therefore dismiss his claims because they are not cognizable at this time.[2] *See Ortiz v. New Jersey State Police*, 747 F. App'x 73, 77 (3d Cir. 2018) ("Ortiz's claims that the defendants fabricated and suppressed evidence are barred by *Heck* because success on those claims would necessarily imply the invalidity of her conviction."); *Klein v. Madison*, 374 F. Supp. 3d 389, 427 (E.D. Pa. 2019) ("In the present case, *Heck* bars the plaintiff's fabrication of evidence claim because (1) it implicates the validity of her criminal charges, and (2) she did not receive a favorable termination in her criminal proceeding."); *Ebuzor-Onayemi v. Union Cty. Police Dep't*, No. 16-CV-1869, 2017 WL 1377640, at *4 (D.N.J. Apr. 12, 2017) ("*Heck*'s holding extends naturally to fabrication-of-evidence claims."), *aff'd,* 736 F. App'x 44 (3d Cir. 2018).

---

[2] "A § 1983 claim based on an allegedly unconstitutional conviction or sentence does not accrue until the invalidation of that conviction or sentence." *Ebuzor-Onayemi v. Union Cty. Police Dep't*, 736 F. App'x 44, 47 (3d Cir. 2018) (per curiam).

4

IV

For the foregoing reasons, the Court will dismiss Burk's Amended Complaint for failure to state a cognizable claim. Burk will not be permitted to file a second amended complaint because he cannot cure the defects in his claims. However, the Amended Complaint will be dismissed without prejudice to Burk filing a new lawsuit in the event his sentence is reversed or otherwise invalidated. An appropriate Order follows.

**BY THE COURT:**

*/s/ Gerald J. Pappert*
**GERALD J. PAPPERT, J.**